## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **TONY ROYAL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-23-432-G** |
| | ) | |
| **KELSEY JONES et al.** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

Plaintiff Tony Royal, appearing pro se, brings this civil action against two defendants. *See* Am. Compl. (Doc. No. 14). Upon review, the Court dismisses the Amended Complaint.

### I.     *Standard of Review*

Because Plaintiff is proceeding *in forma pauperis* (*see* Doc. No. 4), the Court is obligated to conduct an initial review of the Amended Complaint and may dismiss the pleading at any time if the Court finds it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citation omitted). Bare legal conclusions in a complaint are not entitled to the assumption of truth: "they must be

supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Whether a complaint contains sufficient facts to avoid dismissal is context-specific and is determined through a court's application of "judicial experience and common sense." *Id.*

A district court may sua sponte dismiss a complaint for failure to state a claim upon which relief may be granted where it is "patently obvious" that the plaintiff cannot prevail on the facts alleged and amendment of the pleading would be futile. *McKinney v. Okla., Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991); *see Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) ("We apply the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim."). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (noting that although courts construe pro se pleadings liberally they "will not supply additional factual allegations to round out a plaintiff's complaint").

## II.    Discussion

Plaintiff alleges that in February of 2023, he was involved in incidents with Defendant Morningstar Storage ("Morningstar") and Defendant Kelsey Jones, a manager at Morningstar. *See* Am. Compl. at 2; *id.* Ex. 3 (Doc. No. 14-3). Plaintiff alleges that these incidents resulted in the lease on his storage unit being improperly terminated and that the

termination was racially discriminatory.  *See* Am. Compl. Ex. 3; Am. Compl. Exs. 1, 2 (Doc. Nos. 14-1, 14-2).  Plaintiff alleges that Defendants' unlawful conduct caused him mental, emotional, and physical distress, as well as a lost "valuable work connection" and monetary damages.  Am. Compl. Ex. 3.

Plaintiff brings federal civil rights claims pursuant to 42 U.S.C. § 1983 for "[r]acial unfairness" and for an unspecified "[h]uman rights violation."  *Id.*; *see also* Am. Compl. at 4; Civil Cover Sheet (Doc. No. 14-4)  He also raises multiple causes of action under Oklahoma law.  *See* Am. Compl. Ex. 3.

Section 1983 is the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights."  *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016).  To succeed on a claim under § 1983, a plaintiff must show "the violation of a right secured by the Constitution and laws of the United States" and that the violation "was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988); *see* 42 U.S.C. § 1983.

Even liberally construed, the allegations of the pleading do not plausibly reflect that either Defendant Morningstar or Defendant Jones is a state actor or committed any of the cited conduct while "acting under color of state law."  *West*, 487 U.S. at 48.  To the contrary, the Amended Complaint most reasonably shows that one defendant is a private business entity and the other an employee of that private entity.  *See* Am. Compl. at 2; Am. Compl. Ex. 3.  It follows that Plaintiff has not stated a § 1983 claim upon which relief can be granted, and dismissal is required under 28 U.S.C. § 1915(e)(2)(B)(ii).

With Plaintiff's federal claims dismissed, the Court considers its jurisdiction to consider Plaintiff's remaining claims, which are premised upon violation of Oklahoma law. "Federal courts have limited subject matter jurisdiction, and a basis of federal jurisdiction must be affirmatively pleaded." *Gilmore-Bey ex rel. L'Evation Birthing Circles Ministries v. Coleman*, No. CIV-23-1152-D, 2023 WL 8850761, at *1 (W.D. Okla. Dec. 21, 2023); *see also* Fed. R. Civ. P. 8(a)(1). As the party asserting federal jurisdiction, Plaintiff bears "the burden of alleging the facts essential to show jurisdiction." *U.S. ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797 (10th Cir. 2002) (internal quotation marks omitted).

Plaintiff's pleading—which reflects that he is an Oklahoma resident suing an Oklahoma business and another Oklahoma resident—does not evince a basis for this Court to exercise diversity jurisdiction over this matter. *See* Am. Compl. at 1-2. Further, "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (citing 28 U.S.C. § 1367(c)(3)). Accordingly, the Court declines to proceed with the remaining state-law claims.

## CONCLUSION

For the foregoing reasons, Plaintiff's Amended Complaint (Doc. No. 14) is DISMISSED WITHOUT PREJUDICE. Specifically, Plaintiff's federal claims are dismissed for failure to state a claim on which relief may be granted. The Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims.

All pending motions are DENIED AS MOOT.  A separate judgment shall be entered.

IT IS SO ORDERED this 27th day of March, 2024.

_____
CHARLES B. GOODWIN
United States District Judge